UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | : |
| Plaintiff, | : Civil Case No. 05-5559 (FSH) |
| v. | : **OPINION and ORDER** |
| INCHON LLC, et al., | : Date: September 10, 2007 |
| Defendants. | : |

**HOCHBERG, District Judge**

This matter is before the Court on Plaintiff's motion to strike Defendant Inchon LLC's ("Inchon") answer and for entry of default judgment against Defendant Inchon on Counts 1-6 pursuant to Judge Shwartz's Order of June 18, 2007 and Federal Rules of Civil Procedure 12(f) and 55(b)(2). Alternatively, Plaintiff moves for Summary Judgment against Defendant Inchon on Counts 1-6 pursuant to Federal Rule of Civil Procedure 56. Plaintiff also moves for entry of Summary Judgement on Counts 7 and 8 against Defendant Viatcheslav Strekalov[1] pursuant to Federal Rule of Civil Procedure 56. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

I. Background

This case arises from a Master Lease agreement executed between ACC Capital Corporation ("ACC") and Defendant Inchon on April 12, 2004. Under the terms of the Master Lease, ACC agreed to lease to Inchon equipment identified in two subsequently executed

---

[1] Defendant Strekalov's name is misspelled in the case caption as Stekalov.

Equipment Schedules. Equipment Schedule No. 1 was executed on April 12, 2004 and amended to reflect a new monthly payment amount on April 24, 2004. (See Motion for Default Judgment and Summary Judgment ("Mot.") Ex. B.) Equipment Schedule No. 2 was executed on June 10, 2004. (Id. Ex. C.) Inchon was required to make thirty-six monthly payments on each Equipment Schedule for the equipment described therein.

On April 15, 2004 Defendant Strekalov apparently signed an unconditional personal guaranty for Defendant Inchon's obligations under the Master Lease and both Equipment Schedules.[2] (See Mot. Ex. G) Plaintiff asserts that soon thereafter ACC assigned both Equipment Schedules to Plaintiff Wells Fargo Equipment Finance, Inc. ("Wells Fargo").[3]

Inchon went into default under the terms of the Master Lease after failing to make monthly payments on either Equipment Schedule beginning with the payments due on September 1, 2005. Wells Fargo notified Inchon of its default, but Inchon failed to cure it. Defendant Strekalov – guarantor of both Equipment Schedules – also refused to cure the default. Wells Fargo then commenced the instant action on November 23, 2005.

II. Counts 1-6 against Defendant Inchon

---

[2] Pro se Defendant Strekalov challenges the nature and origin of the signature on the Guaranty. These unsworn assertions form the basis of Defendant Strekalov's opposition to Plaintiff's motion for Summary Judgement, discussed in Part III, supra.

[3] Although Plaintiff asserts that ACC assigned to it both Equipment Schedules, Plaintiff has only submitted evidence of the assignment of Schedule No. 1, in a copy of an agreement signed by ACC and Inchon – but not Wells Fargo – on April 24, 2004. (See Mot. Ex. H.) Absent a fully executed copy of Schedule No. 1, the Court shall not enter default judgment on Counts 1-3 in favor of Plaintiff.
Further, at the time Schedule No. 1 was assigned, Schedule No. 2 had yet to be executed between ACC and Inchon. Absent admissible evidence of the assignment of Schedule No. 2, the Court shall not enter default judgement on Counts 4-6 in favor of Plaintiff.

On June 18, 2007 Judge Shwartz granted the motion of Leo L. Grigolia to withdraw as counsel for Defendant Inchon. Because it is well settled that a corporate defendant must be represented by counsel, see, e.g., Simbraw, Inc. v. U.S., 367 F.2d 373, 373 (3d Cir. 1966) (holding that a corporate litigant must be represented by counsel); Mazzoni v. U.S., 2006 WL 1564020, at *1 (E.D. Pa. April 17, 2006),  Judge Shwartz ordered Defendant Inchon to have counsel enter an appearance on its behalf by July 12, 2007, or Plaintiff would be granted leave to file a motion to strike Defendant Inchon's Answer and for the entry of default and default judgment. As of September 10, 2007, Defendant Inchon has failed to procure counsel to appear on its behalf.

Plaintiff filed the instant motion for default judgment against Defendant Inchon on August 17, 2006 and served a copy of the motion to Defendants on the same day. Plaintiff's motion, together with Judge Shwartz's order of June 18, 2007, is sufficient to put Defendant Inchon on notice of the application for entry of default judgment. See Fed. R. Civ. P. 55(b)(2) ("If the party against whom judgment by default is sought has appeared in the action, the party shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.").

Defendant Inchon has failed to timely oppose Plaintiff's Motion for Default Judgment. Defendant Inchon has not disputed the claim that it is in default according to the terms of Master Lease paragraph 15(a).  (See Mot. Ex. A.)  Defendant Inchon has not disputed its liability under Master Lease paragraph 16(e) for "all sums due and payable under the Equipment Schedule[s] for all periods up to and including the date on which [Plaintiff] has declared this Agreement to be in default...."  (Id.)  Defendant Inchon has not disputed that under Master Lease paragraph 16(g) Plaintiff "may sue for and recover all Monthly Rental, rents and other payments

that accrue after the occurrence of the Event of Default, as the same become due." (Id.)  Finally, Defendant Inchon has not disputed that under Master Lease paragraph 19(k) Defendant Inchon "shall reimburse [Plaintiff] for all charges, costs, expenses and attorneys' fees incurred by [Plaintiff]...in the execution, delivery, administration, amendment and enforcement of the Lease or the collection of any rent or other payments due under the Lease...." (Id.)

Because Defendant Inchon has not complied with Judge Shwartz's June 18, 2007 order, Defendant Inchon's answer will be stricken pursuant to Federal Rule of Civil Procedure 12(f).  The Court will also order the Clerk of Court to enter default against Defendant Inchon on Counts 1-6 pursuant to Federal Rule of Civil Procedure 55(a).

III. Counts 7 and 8 Against Defendant Strekalov

Defendant Strekalov appears pro se and has submitted a one-page letter docketed August 28, 2007 and a two-page letter docketed September 6, 2007 in opposition to Plaintiff's motion for summary judgment against him.  Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Importantly, however, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

With respect to pro se litigants, "the[se] same standards for summary judgment still apply...." Williams v. Lane, No. 01-CV-03396, 2007 WL 756731, at *3 (E.D. Pa. March 8,

2007).  Nevertheless, a court may wish to "giv[e] a pro se litigant every opportunity to functionally respond in some meaningful way to a summary judgment motion...."  Id.; see also Tabron v. Grace, 6 F.3d 147, 153 (3rd Cir. 1993) ("we have traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure").  In general, a "district court [should] take care to insure that...a pro se litigant, is 'provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.'"  Adams v. Dyer, 223 F. App'x 757, 764 (10th Cir. 2007) (citing Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991) and Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam)); see also Richardson v. Powel, 166 F. App'x. 700, 702 (4th Cir. 2006) ("Roseboro prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting her allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action.").  This discussion is intended to put Defendant Strekalov on proper notice concerning the procedure for summary judgment and the requirements for any subsequent submission he may make to this Court.

Courts have held that "[a]t a minimum, the district court must advise the pro se non-movant 'of his right to file affidavits or other material in opposition to the motion, and of the consequences of default.'"  Ray v. Equifax Information Services, LLC, 230 F. App'x 871, 872-873 (11th Cir. 2007) (quoting Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir.1985) (per curiam)).  When considering any affidavits filed by the non-movant, "any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence...."  Goldome v. Pullem, 28 F. App'x. 79, 81 (2d Cir. 2002).

With regard to the form of evidence to be submitted to the court, a party faced with a summary judgment motion "shall set forth such facts as would be admissible in evidence...." See Fed. R. Civ. P. 56(e). Courts have given pro se litigants substantial leeway in ths regard, however, provided that the submission "substantially complies with Fed. R. Civ. P. 56(e)...." Winterrowd v. Nelson, 480 F.3d 1181, 1183 (9th Cir. 2007).

Defendant Strekalov's current submissions do not meet the standard described in Rule 56(e). In order to survive summary judgment, Defendant Strekalov must submit supporting documentary evidence sufficient to demonstrate an issue of material fact. That evidence must conform with the requirements of Rule 56(e). Currently, based solely on the assertions made in Defendant Strekalov's two unsworn letters, the Court is presented with Plaintiff's sworn affidavits in satisfaction of Rule 56(e)'s requirements, "pitted against [Defendant's] naked denial fortified by no factual averments. [Even a]ffording due deference to the pro se nature of [Defendant's submissions and] supporting documents," in the absence of additional evidence that satisfies the requirements of Rule 56(e), the Court will be forced to "conclude that...there [is] no genuine issue of material fact." Lockhart v. Hoenstine, 411 F.2d 455, 459 (3d Cir. 1969).

**ACCORDINGLY IT IS** on this 10th day of September, 2007, thereby

**ORDERED** that Defendant Inchon's amended answer of October 31, 2006 be stricken pursuant to Federal Rule of Civil Procedure 12(f) and Judge Shwartz's order of June 18, 2007; and it is further

**ORDERED** that the Clerk of the Court shall enter default against Defendant Inchon LLC on Counts 1-6 of Plaintiff's Amended Complaint of October 12, 2006;[4] and it is further

**ORDERED** that, within 14 days after the Clerk of the Court has entered default, Plaintiff may move this Court for entry of default judgment against Defendant Inchon LLC; and it is further

**ORDERED** that, upon moving this Court for entry of default judgment against Defendant Inchon LLC, Plaintiff shall submit to the Court proof of damages, including, but not limited to: a copy of the assignment of Equipment Schedule No. 1 signed by all three parties; proof that Equipment Schedule No. 2 was assigned to Plaintiff; the basis for Plaintiff's request for "late charges" and "applicable interest" on amounts due pursuant to Equipment Schedule No. 1 and No. 2 (see Affidavit of Michael J. Vanadia in Support of Plaintiff's Motion for Summary Judgment at ¶¶ 25-26); and a detailed accounting of Plaintiff's attorney's fees, including the number of hours spent on each of the listed tasks (see Mot. at 13-14), and the actual hourly billing rate for the attorney who worked each billable hour;[5] and it is further

**ORDERED** that Plaintiffs motion for summary judgment on Counts 1-6 is **DENIED**; and it is further

---

[4] Entry of default is a prerequisite to entry of a default judgment under Federal Rule of Civil Procedure 55(b).

[5] Plaintiff's motion requests attorney's fees based on an average rate of $240.05 per hour. In order to properly calculate actual attorney's fees, however, Plaintiff shall provide the Court with the actual billing rate for each hour worked. Federal Rule of Civil Procedure 55(b)(2) states that "[i]f, in order to enable the court to enter judgment...it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper...." Fed. R. Civ. P. 55(b)(2).

**ORDERED** that Defendant Strekalov shall have an additional 20 days to submit a pleading responsive to Plaintiff's Motion for Default Judgment and Summary Judgment, together with any affidavits, or other documents upon which the Court may rely, in compliance with the Federal Rules of Civil Procedure Rule 56(e) and Local Rule 56.1; and it is further

**ORDERED** that the Court will reserve judgment on Plaintiff's motion for summary judgment against Defendant Strekalov on Counts 7 and 8, pending Defendant Strekalov's submission of any documentary evidence pursuant to this Opinion and Order.

/s/ Faith S. Hochberg

HON. FAITH S. HOCHBERG, U.S.D.J.