UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | : |
| Plaintiff, | : Civil Case No. 05-5559 (FSH) |
| v. | : **OPINION and ORDER** |
| INCHON LLC, et al., | : Date: October 18, 2007 |
| Defendants. | : |

**HOCHBERG, District Judge**

This matter having come before the Court upon Plaintiff Wells Fargo Equipment Finance's ("Wells Fargo") October 11, 2007 Motion for Default Judgment against Defendant Inchon LLC ("Inchon") pursuant to Federal Rule of Civil Procedure 55, and the Court having considered the arguments of the parties on the papers pursuant to Federal Rule of Civil Procedure 78;[1] and

it appearing that in its September 11, 2007 order, the Court directed the Clerk of Court to enter default against Defendant Inchon; and

it appearing that the Court requested that Plaintiff Wells Fargo move for entry of default judgment within 14 days after the clerk's entry of default and, pursuant to Federal Rule of

---

[1] Pursuant to the Court's order of September 11, 2007, the Clerk of the Court entered default against Defendant Inchon LLC on Counts 1-6. Defendant Inchon opposed neither Plaintiff Wells Fargo's August 17, 2007 Motion for Default Judgment and Summary Judgment nor Wells Fargo's Motion for Default Judgment presently before the Court.

Civil Procedure 55(b)(2),[2] ordered Plaintiff to submit to the Court additional proof of damages with the motion for default judgment; and

  it appearing that Plaintiff Wells Fargo has provided documents sufficient to establish the following damages:

- $72,531.27 for payments due and owing under Equipment Schedule No. 1 (See Affidavit of Michael Vanadia in Support of Plaintiff's Motion for Entry of Default Judgment Against Defendant Inchon LLC ("Vanadia Aff.") Ex. C (Amendment to Equipment Schedule No. 1, ¶ 14);

- $7,253.13 in late fees, pursuant to Master Contract paragraph 4(b), on the outstanding balance due under Equipment Schedule No. 1 (See Vanadia Aff. Ex. A (Master Lease), ¶ 15);

- $72,922.50 for payments due and owing under Equipment Schedule No. 2 (See Vanadia Aff. Ex. D (Equipment Schedule No. 2), ¶ 19);

- $7,292.25 in late fees, pursuant to Master Contract paragraph 4(b), on the outstanding balance due under Equipment Schedule No. 2 (See Vanadia Aff. Ex. A (Master Lease), ¶ 15);

---

[2]   Rule 55 reads in relevant part:

> If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b)(2).

- $45,501.51 in attorney's fees pursuant to Master Contract paragraph 19(k) (See Certification of Michael S. Re in Support of Plaintiff's Motion for Entry of Default Judgment Ex. 2 (invoices for legal services rendered in connection with this suit)); and

it appearing that Plaintiff also requests $2,200.50 in "post-termination interest" under Equipment Schedule No. 1 (see Vanadia Aff. ¶ 16), and $2,304.82 in "post-termination interest" under Equipment Schedule No. 2 (see Vanadia Aff. ¶ 21); and

it appearing that Plaintiff directs the Court to paragraph 7 of both Equipment Schedules as the basis for this request (see Vanadia Aff. ¶¶ 16, 21) and that the language of paragraph 7 in both Equipment Schedules is substantially the same (see Vanadia Aff. Ex. C (Equipment Schedule No. 1), D (Equipment Schedule No. 2)); and

it appearing that paragraph 7 of both Equipment Schedules concerns the payment of monthly rent; and

it appearing that paragraph 7 is not sufficiently clear as to why Plaintiff is "entitled to 6.7% on the amounts due and owing . . . during the post-termination period" under Equipment Schedule No. 1 (see Vanadia Aff. ¶ 16), and why Plaintiff is "entitled to 6.98% on the amounts due and owing . . . during the post termination period" under Equipment Schedule No. 2 (see Vanadia Aff. ¶ 21), and Plaintiff does not provide ths Court with an explanation of paragraph 7 sufficient for the Court to award this interest;[3] and

---

[3] Paragraph 7 of Equipment Schedule No. 1 reads as follows:

Monthly Rental: Lessee shall pay Monthly Rental in the sum of $3,467.92, (plus applicable sales/use tax, if any) payable first and last in advance, to the Lessor. Lessee shall pay interim rent based on a pro-rata portion of the Monthly Rental, calculated a 30-day basis for the period between the Acceptance Date and the Commencement Date. Effective as of the Commencement Date (or as of the Assignment Date, if earlier), the Monthly Rental shall be increased proportionately to any increase occurring between the Schedule Date and the

it appearing, therefore, that Plaintiff has failed to satisfy the Court that the entry of default judgment should include $2,200.50 and $2,304.82 in "post-termination interest";

**ACCORDINGLY IT IS** on this 16th day of October, 2007, thereby

**ORDERED** that Plaintiff Wells Fargo have judgment against Defendant Inchon in the amount of $205,500.66 for amounts due and owing under Equipment Schedules No. 1 and No. 2, late fees, and attorney's fees.

/s/ Faith S. Hochberg

HON. FAITH S. HOCHBERG, U.S.D.J.

---

Commencement Date in the yields of the Three (3) year U.S. Treasury Notes, at a rate of 1.85% as quoted in the editions of the Wall Street Journal published on the Schedule Date and the Commencement Date, respectively (if more than one yield is quoted, the highest quote shall be used). As of the Commencement Date, the Monthly Rental shall be fixed for the Initial Lease Term and any extension; provided, however, that if the Assignment Date occurs after the Commencement Date, then effective as of the Assignment Date, the Monthly Rental shall again be increased proportionately to any increase occurring between the Commencement date an [sic] the Assignment Date in the yields of the Three (3) year U.S. Treasury Notes, at a rate of 1.85%, as quoted in the editions of the Wall Street Journal published on the Commencement Date and the Assignment Date, respectively (if more than one yield is quoted, the highest quote shall be used). As soon as practicable after the effective date of each adjustment made in accordance with this paragraph, Lessor shall provide Lessee with written notice of the increase; Lessor's calculations shall be conclusive absent manifest error.

(Vanadia Aff. Ex. B (Equipment Schedule No. 1).) Paragraph 7 of Equipment Schedule No. 2 is identical with the exception of the rate of interest, which is 3.26% instead of 1.85%, and the amount of monthly rental, which is $3,472.50 instead of $3,467.92.